UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO: 3:25-CR-00224 (SFR) |
| | ) | |
| v. | ) | |
| | ) | |
| DAVID JOHNSON | ) | JANUARY 16, 2026 |
| | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT DAVID JOHNSON'S FIRST MOTION FOR A HEARING TO DETERMINE HIS MENTAL COMPETENCY PURSUANT TO 18 U.S.C. § 42419(a)**

Defendant David Johnson, by his attorney Philip Russell, respectfully moves for a hearing to determine his mental competency pursuant to 18 U.S.C. Section 4241 *et seq*. and for an order directing that Defendant be evaluated locally as provided by statute. Defendant recommends that he be ordered examined locally by a qualified psychiatrist at an institution known and respected regionally for their forensic skills and reliability, to conduct the preliminary evaluation.

In support of this application, the Defendant submits the following:

1. He is presently under a doctor's care for an array of cognitive disabilities first identified after a February 21, 2023 assault in which he was punched in the head by an individual who was arrested and charged with assault.

2. Medical documentation has been submitted to the Government corroborative of the Defendant's degenerating mental state and ongoing testing and treatment.

3. Defendant's family members, most notably his wife, can confirm that in the past 3 years Defendant has lost substantial function of his short-term memory and organizational skills, his ability to safely operate a motor vehicle, his ability to perform even trivial errands and tasks.

4. In this case, in which Defendant was indicted last month and arraigned December 18, 2025, Defendant is accused of stealing funds *inter alia*, from a decedent's estate to which he'd been appointed executor.

5. Counsel was initially retained to defend Mr. Johnson in February of 2023 in civil proceedings related to the transactions identified in the indictment.

6. During the two-year course of this representation, counsel has witnessed a pronounced decline in Johnson's mental acuity, and a concomitant decline in his ability to assist in his defense of these allegations.

7. A medical/mental evaluation was presented to Haviland's attorneys, and Johnson was made available for an evaluation by Haviland's expert witness, who found Johnson to be malingering.

8. Since first engaging counsel, Johnson has lost his ability to work at his business, to keep even simple appointments, to answer questions relevant to this case or his business matters, to perform basic tasks, or to drive his car.

9. If the within application is granted, defendant and the government will confer and, in all likelihood, agree on a qualified psychiatrist who will be recommended by the parties to conduct a preliminary evaluation.

10. No prior application has been made for the relief sought herein.

DAVID JOHNSON
By: _____/s/_____
Philip Russell
Federal Bar No. CT03127
Philip Russell, LLC
1 River Road
Cos Cob, CT 06807
Tel.: (203) 661-4200
Fax: (203) 661-3666
E-mail: efile@greenwichlegal.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 16, 2026, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept the electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by First Class Mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

                                                                  /s/
                                            Philip Russell